B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>THE STATE BAR OF TEXAS | DEFENDANTS<br>WILLIAM T. ENGLE, JR. |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>ATTN: JHOSLYN Y. HOOD, STATE BAR OF TEXAS<br>14651 DALLAS PARKWAY, STE. 925<br>DALLAS, TEXAS 75254 | ATTORNEYS (If Known)<br>ST. CLAIR NEWBERN, III<br>LAW OFFICES OF ST. CLAIR NEWBERN, III<br>1701 RIVER RUN, STE. 1000, FORT WORTH, TX 76107 |
| PARTY (Check One Box Only)<br>□ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>☑ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C SEC. 523(a) and 1328(a).

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☑ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand  $1000 |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>WILLIAM T. ENGLE, JR. | BANKRUPTCY CASE NO.<br>09-47714-rfn13 | |
| DISTRICT IN WHICH CASE IS PENDING<br>NORTHERN DISTRICT OF TEXAS | DIVISION OFFICE<br>TARRANT COUNTY | NAME OF JUDGE<br>RUSSELL F. NELMS |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>6/10/10 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>JHOSLYN Y. HOOD, STATE BAR OF TEXAS | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## TARRANT DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-47714-rfn13 |
| | § | |
| WILLIAM T. ENGLE, | § | (CHAPTER 13) |
|       Debtor | § | |
| | § | |
| STATE BAR OF TEXAS | § | ADVERSARY NO. ____ |
|       Plaintiff | § | |
| VS. | § | |
| | § | |
| WILLIAM T. ENGLE | § | |
|       Defendant | § | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY
## OF A DEBT UNDER 11 U.S.C. § 523(a) and 11 U.S.C. §1328(a)

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, State Bar of Texas, Plaintiff in this proceeding and files its complaint to Determine Dischargeability of a Debt Under 11 U.S.C. §523(a) and 11 U.S.C. §1328(a) against William T. Engle("Debtor"), and would respectfully state onto the Court as follows:

### JURISDICTION

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(a), 28 U.S.C. §157(a), 11 U.S.C. §523, and 11 U.S.C. 1328(a). This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(l).

### PARTIES

2.      State Bar of Texas, Plaintiff, is an agency of the State of Texas administered by the Supreme Court of Texas. Plaintiff is represented in this adversary by counsel reflected below and may also be served in this proceeding through the undersigned counsel.

3.      William T. Engle is an individual and the Debtor in this Chapter 13 case. The Debtor may be served by and through his attorney of record, St. Clair Newbern, III, 1701 River Run, Suite 1000, Fort Worth, Texas 76107.

## FACTUAL BACKGROUND

4.     Debtor is an attorney and is licensed to practice as an attorney in the State of Texas.

5.     On or about November 19, 2007, the State Bar of Texas initiated disciplinary proceedings against William T. Engle, Jr. in Case Nos. D0060732427 and D0080732650, styled *Commission for Lawyer Discipline v. William T. Engle, Jr.;* before an Evidentiary Panel of the District 07-3 Grievance Committee.

6.     On December 2, 2008, the Evidentiary Panel entered an agreed final judgment against William T. Engle, Jr.  A true and correct copy of the final judgment is attached hereto as exhibit "A."

7.     The Evidentiary Panel made findings of fact and conclusions of law determining that William T. Engle, Jr. violated Rules 1.01(b)(1), 1.02(a), 1.03(a), 1.03(b), and 1.08(a)(1), (2), (3) of the Texas Disciplinary Rules of Professional Conduct.

8.     In the judgment, the panel ordered William T. Engle, Jr. to pay (1) restitution to David Allen in the amount of Twenty-Two Thousand Five Hundred and no/100 Dollars ($22,500); and (2) restitution to Stacy Notley in the amount of Twenty-Seven Thousand and no/100 Dollars ($27,000).

9.     Debtor, William T. Engle, Jr., owes Four Thousand Three Hundred Eighty-Six and 03/100 Dollars ($4,386.03) to David Allen in Case No. D0060732427.

10.     Debtor, William T. Engle, Jr. owes Five Thousand Five Hundred and 03/100 Dollars ($5,500.03) to Stacey Notley in Case No. D0080732650.

11.     Debtor, William T. Engle, Jr., filed for relief under Chapter 13 on December 1, 2009.  Tim Truman is the duly appointed Chapter 13 Trustee.

12.    Debtor, William T. Engle, has listed the State Bar of Texas as a creditor, with

$0.00  specified as the amount owed in Case Nos. D0060732427 and D0080732650.

## COUNT ONE

### REQUEST FOR DETERMINATION OF  NON-DISCHARGEABILITY

### PURSUANT TO 11 U.S.C. §523(a)(7) and 11 U.S.C. §1328(a)

13.    Plaintiff reincorporates the factual allegations set forth in paragraphs 1 through 12

above.

14.    Plaintiff requests the Court to enter judgment determining that the obligations

contained in the judgment constitute non-dischargeable debts pursuant to 11 U.S.C. §523(a)(7)

and 11 U.S.C. § 1328(a), as the obligations constitute debts for a fine, penalty, or forfeiture

payable to and for the benefit of a governmental unit. *Kelly vs. Robinson*, 106 S.Ct. 1181, 1986.

15.    *See also In re Weller*, 189 B.R. 467, 471 (Bankr. E.D. Wis. 1995) (applying

exception to discharge of a debt "for a fine, penalty, or forfeiture payable to and for the benefit of

a governmental unit" to Chapter 13 debtor's civil forfeitures and penalties for engaging in unfair

rental practices); and *In re Barth*, 211 B.R. 945, 949 (Bankr. D. Kan. 1997) (amendments to

Chapter 13 provision discharging debts upon debtor's completion of plan payments added

restitution exception to discharge).

### REQUEST FOR ATTORNEYS FEES AND COSTS

16.    Plaintiff requests the Court to award reasonable attorneys' fees and costs incurred

in enforcing the judgments, and that same be determined non-dischargeable under 11 U.S.C.

§523(a)(7) and 11 U.S.C. §1328(a), inasmuch as they were incurred in connection with the

enforcement of a non-dischargeable debt.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests judgment determining: (i)

the obligations of William T. Engle contained in the judgments rendered in Case Nos.

D0060732427 and D0080732650 constitute non-dischargeable debts of the Debtor pursuant to 11 U.S.C. §523(a)(7) and 11 U.S.C. §1328(a); (ii) the amount and non-dischargeable nature of Plaintiff's reasonable attorneys' fees and costs incurred herein; and (iii) for such other and further relief as is just.

Respectfully submitted on this 10 June 2010.

Jhoslyn Y. Hood
Attorney for the State Bar of Texas
State Bar No. 24025435
14651 Dallas Parkway, Ste. 925
Dallas, Texas 75254
(972) 383-2900 Telephone
(972) 383-2935 Facsimile

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Request for Service of Notice has been served upon the following parties in interest via pre-paid regular U.S. Mail on June 10, 2010.

**Debtors' Attorney**
St. Clair Newbern, III
Law Offices of St. Clair Newbern III, P.C.
1701 River Run, Suite 1000
Fort Worth, Texas 76107

**Chapter 13 Trustee**
Tim Truman
6851 N.E. Loop 820, Suite 300
Fort Worth, Texas 76180

**U.S. Trustee**
William Neary
1100 Commerce Street, Room 976
Dallas, Texas 75242

Jhoslyn Y. Hood

ORIGINAL

BEFORE THE DISTRICT 07A GRIEVANCE COMMITTEE
EVIDENTIARY PANEL 07A-3
STATE BAR OF TEXAS

| | | |
|---|---|---|
| COMMISSION FOR LAWYER | § | |
| DISCIPLINE, | § | |
| Petitioner | § | |
| | § | |
| V. | § | FILE NOS.   D0060732427 & |
| | § | D0080732650 |
| WILLIAM T. ENGLE, JR., | § | |
| Respondent | § | |

## AGREED JUDGMENT OF PROBATED SUSPENSION

### Parties and Appearance

On this day, came to be heard the above styled and numbered cause. Petitioner and Respondent, William T. Engle, Jr., Texas Bar Number 06623300 (hereinafter referred to as "Respondent"), announce that an agreement has been reached on all matters including the imposition of a Probated Suspension.

### Jurisdiction and Venue

The Evidentiary Panel 07A-3, having been duly appointed to hear this complaint by the chair of the Grievance Committee for State Bar of Texas District 07A, finds that it has jurisdiction over the parties and the subject matter of this action, and that venue is proper.

### Professional Misconduct

The Evidentiary Panel, having considered the pleadings, admissions, stipulations and agreements of the parties, finds Respondent has committed Professional Misconduct as defined by Rule 1.06(V) of the Texas Rules of Disciplinary Procedure.

### Findings of Fact

Petitioner and Respondent agree to the following findings of fact. Accordingly, the Evidentiary Panel finds:



EXHIBIT

A

1.  Respondent is an attorney licensed to practice law in Texas and is a member of the State Bar of Texas.

2.  Respondent resides in and maintains his principal place of practice in Tarrant County, Texas.

3.  In November of 2003, David Allen (hereinafter referred to as "Allen") hired Respondent to represent Allen's businesses, Circle A. Electric, Inc. and Allen Leasing, Inc.

4.  Respondent subsequently failed to consult with Allen regarding the objectives and general methods of the representation.

5.  Thereafter, Respondent failed to communicate with Allen regarding the matter and failed to keep him reasonably informed as to the status of the case.

6.  On March 6, 2006, Respondent entered into a loan transaction with Allen in which Allen agreed to loan Respondent $25,000. Respondent failed to advise Allen to seek independent counsel with respect to the loan and failed to obtain Allen's consent to the transaction in writing. Respondent subsequently defaulted on the loan and failed to repay the note according to its terms.

7.  In April of 2006, Stacy C. Notely (hereinafter referred to as "Notely") hired Respondent to handle debt collections for his company, The Manning Group, Inc.

8.  In October of 2006, Notely sent Respondent funds to file a lawsuit against a client with a past due balance. Respondent subsequently failed to file the lawsuit.

9.  Respondent failed to return several of Notely's calls and failed to keep him reasonably informed regarding the status of the collection matters.

10. Thereafter, Respondent entered into a business transaction with Notely in which Notely loaned him $30,000. Respondent failed to advise Notely to seek independent counsel with respect to the loan and failed to obtain Notely's consent to the transaction in writing. Respondent subsequently failed to repay the note according to its terms.

11. The Chief Disciplinary Counsel of the State Bar of Texas has incurred reasonable attorneys' fees and direct expenses associated with this Disciplinary Proceeding in the amount of One Thousand Twelve and no/100 Dollars ($1,012.00).

12. Respondent owes restitution in the amount of Twenty-Two Thousand Five Hundred and no/100 Dollars ($22,500.00) payable to David Allen.

13. Respondent owes restitution in the amount of Twenty-Seven Thousand and no/100 Dollars ($27,000.00) payable to Stacy Notely.

## Conclusions of Law

Petitioner and Respondent agree that, based on the foregoing findings of fact, the following Texas Disciplinary Rules of Professional Conduct have been violated. Accordingly, the Evidentiary Panel concludes the following rules of the Texas Disciplinary Rules of Professional Conduct have been violated:  Rules 1.01(b)(1), 1.02(a), 1.03(a), 1.03(b),  and 1.08(a)(1), (2), (3).

## Sanction

It is **AGREED** and **ORDERED** that the sanction of a Probated Suspension shall be imposed against Respondent in accordance with the Texas Rules of Disciplinary Procedure.

Accordingly, it is **ORDERED, ADJUDGED** and **DECREED** that Respondent be suspended from the practice of law for a period of three years and six months, with the suspension being fully probated pursuant to the terms stated below.  The period of probated suspension shall begin on December 1, 2008 and shall end on May 31, 2012.

## Terms of Probation

It is further **ORDERED** and **AGREED** that during all periods of this probated suspension, Respondent shall be under the following terms and conditions:

1.    Respondent shall not violate any term of this judgment.

2.    Respondent shall not engage in professional misconduct as defined by Rule 1.06(V) of the Texas Rules of Disciplinary Procedure.

3.    Respondent shall not violate any state or federal criminal statutes.

4.     Respondent shall keep State Bar of Texas membership department notified of current mailing, residence and business addresses and telephone numbers.

5.     Respondent shall comply with Minimum Continuing Legal Education requirements.

6.     Respondent shall comply with Interest on Lawyers Trust Account (IOLTA) requirements.

7.     Respondent shall promptly respond to any request for information from the Chief Disciplinary Counsel in connection with any investigation of any allegations of professional misconduct.

8.     Respondent shall pay all reasonable and necessary attorney's fees and direct expenses to the State Bar of Texas in the amount of One Thousand Twelve and no/100 Dollars ($1,012.00). The payment shall be made by certified or cashier's check or money order and made payable to the State Bar of Texas. Said payment shall be submitted to the Chief Disciplinary Counsel's office on or before the date this judgment is presented to the Evidentiary Panel for execution.

9.     Respondent shall pay restitution to David Allen in the amount of Twenty-Two Thousand Five Hundred and no/100 Dollars ($22,500.00). Respondent shall pay the restitution by certified or cashier's check or money order made payable to David Allen. Said initial payment of Five Thousand and no/100 Dollars ($5,000.00) shall be submitted to the Chief Disciplinary Counsel's office on or before the date this judgment is presented to the Evidentiary Panel for execution. The remaining Seventeen Thousand Five Hundred and no/100 Dollars ($17,500.00) shall be paid in twelve (12) monthly installments in the amount of One Thousand Four Hundred Fifty-Eight and 33/100 Dollars ($1,458.33). Each payment is due on or before the 5th of each month, beginning the first full month that occurs thirty days (30) after the date the judgment is signed and continuing thereafter for twelve (12) consecutive months until such restitution is paid in full. Respondent shall pay the restitution by certified or cashier's check or money order made payable to the State Bar of Texas, delivered to the State Bar of Texas, Chief Disciplinary Counsel, 6300 La Calma, Suite 300, Austin, Texas 78752, on or before the respective due dates.

10.     Respondent shall pay restitution to Stacy Notely in the amount of Twenty-Seven Thousand and no/100 Dollars ($27,000.00). Respondent shall pay the restitution by certified or cashier's check or money order made payable to Stacy Notely. Said initial payment of Five Thousand and no/100 Dollars ($5,000.00) shall be submitted to the Chief Disciplinary Counsel's office on or before the date this judgment is presented to the Evidentiary Panel for execution. The remaining Twenty-Two Thousand and no/100 Dollars ($22,000.00) shall be paid in twelve (12) monthly installments in the amount of One Thousand Eight

Hundred Thirty-Three and 33/100 Dollars ($1,833.33). Each payment is due on or before the 20th of each month, beginning the first full month that occurs thirty days (30) after the date the judgment is signed and continuing thereafter for twelve (12) consecutive months until such restitution is paid in full. Respondent shall pay the restitution by certified or cashier's check or money order made payable to the State Bar of Texas, delivered to the State Bar of Texas, Chief Disciplinary Counsel, 6300 La Calma, Suite 300, Austin, Texas 78752, on or before the respective due dates.

### Probation Revocation

It is further **ORDERED and AGREED** that, if Respondent violates any term of this judgment, the Board of Disciplinary Appeals ("BODA") shall enter an order revoking the probation and imposing the active suspension of Respondent from the practice of law to commence on the date of revocation.

Upon determination that Respondent has violated any term of this judgment, the Chief Disciplinary Counsel may, in addition to all other remedies available, file a motion to revoke probation with BODA and serve a photocopy of the motion on Respondent pursuant to Tex.R.Civ.P. 21a.

BODA shall conduct an evidentiary hearing. At the hearing, BODA shall determine by a preponderance of the evidence whether Respondent has violated any term of this Judgment. If BODA finds grounds for revocation, BODA shall enter an order revoking probation and placing Respondent on active suspension from the date of such revocation order. Respondent shall not be given credit for any term of probation served prior to revocation.

It is further **ORDERED and AGREED** that any conduct on the part of Respondent which serves as the basis for a motion to revoke probation may also be brought as independent grounds for discipline as allowed under the Texas Disciplinary Rules of Professional Conduct and Texas Rules of Disciplinary Procedure.

### Restitution, Attorney's Fees and Expenses

It is further **ORDERED** and **AGREED** Respondent shall pay restitution to David Allen in the amount of Twenty-Two Thousand Five Hundred and no/100 Dollars ($22,500.00). Respondent shall pay the restitution by certified or cashier's check or money order made payable to David Allen. Said initial payment of Five Thousand and no/100 Dollars ($5,000.00) shall be submitted to the Chief Disciplinary Counsel's office on or before the date this judgment is presented to the Evidentiary Panel for execution. The remaining Seventeen Thousand Five Hundred and no/100 Dollars ($17,500.00) shall be paid in twelve (12) monthly installments in the amount of One Thousand Four Hundred Fifty-Eight and 33/100 Dollars ($1,458.33). Each payment is due on or before the 5th of each month, beginning the first full month that occurs after the date this judgment is signed. Respondent shall pay the restitution by certified or cashier's check or money order made payable to the State Bar of Texas, delivered to the State Bar of Texas, Chief Disciplinary Counsel, 6300 La Calma, Suite 300, Austin, Texas 78752, on or before the respective due dates.

It is further **ORDERED** and **AGREED** Respondent shall pay restitution to Stacy Notely in the amount of Twenty-Seven Thousand and no/100 Dollars ($27,000.00). Respondent shall pay the restitution by certified or cashier's check or money order made payable to Stacy Notely. Said initial payment of Five Thousand and no/100 Dollars ($5,000.00) shall be submitted to the Chief Disciplinary Counsel's office on or before the date this judgment is presented to the Evidentiary Panel for execution. The remaining Twenty-Two Thousand and no/100 Dollars ($22,000.00) shall be paid in twelve (12) monthly installments in the amount of One Thousand Eight Hundred Thirty-Three and

33/100 Dollars ($1,833.33). Each payment is due on or before the 20th of each month, beginning the first full month that occurs after the date this judgment is signed. Respondent shall pay the restitution by certified or cashier's check or money order made payable to the State Bar of Texas, delivered to the State Bar of Texas, Chief Disciplinary Counsel, 6300 La Calma, Suite 300, Austin, Texas 78752, on or before the respective due dates.

It is further **ORDERED** and **AGREED** Respondent shall pay all reasonable and necessary attorney's fees and direct expenses to the State Bar of Texas in the amount of One Thousand Twelve and no/100 Dollars ($1,012.00). The payment shall be made by certified or cashier's check or money order and made payable to the State Bar of Texas. Said payment shall be submitted to the Chief Disciplinary Counsel's office on or before the date this judgment is presented to the Evidentiary Panel for execution.

It is further **ORDERED** and **AGREED** that all amounts ordered herein are due to the misconduct of Respondent, are assessed as a part of the sanction in accordance with Rule 1.06(Y) of the Texas Rules of Disciplinary Procedure. Any amount not paid shall accrue interest at the maximum legal rate per annum until paid and the State Bar of Texas shall have all writs and other post-judgment remedies against Respondent in order to collect all unpaid amounts.

## Publication

This suspension shall be made a matter of record and appropriately published in accordance with the Texas Rules of Disciplinary Procedure.

## Other Relief

All requested relief not expressly granted herein is expressly **DENIED**.

SIGNED this _2_ day of _December_, 2008.

EVIDENTIARY PANEL
DISTRICT NO. 07A-3
STATE BAR OF TEXAS

David B. Lobingier
District 07A-3 Presiding Member

---

**AGREED AS TO BOTH FORM AND SUBSTANCE:**

William T. Engle, Jr.
State Bar No. 06623300
**Respondent**

Jhoslyn Y. Hood
Assistant Disciplinary Counsel
State Bar No. 24025435
**Counsel for Petitioner**

John R. Gladney
State Bar No. 07991500
**Counsel for Respondent**